## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW MEXICO

FABIAN MONDRAGON

      Plaintiff,

v.                                                                                          Civ. No. 18-430 JB/GJF

DETECTIVE ALBERT SENA, et al.,

      Defendants.

## ORDER ON PENDING MOTIONS

THIS MATTER is before the Court on the Motion for the Appointment of Counsel [ECF No. 5], Motion for Settlement [ECF No. 13], and Motion for Trial [ECF No. 16] filed by Plaintiff Fabian Mondragon.  For the reasons set forth below, the Court will **DENY** the Motions.

1. Motion for the Appointment of Counsel.  There is no right to appointment of counsel in a civil rights case.  Instead, the decision whether to request assistance of counsel rests in the sound discretion of the Court.  *Beaudry v. Corrections Corp. of America,* 331 F.3d 1164, 1169 (10th Cir. 2003); *MacCuish v. United States,* 844 F.2d 733, 735 (10th Cir. 1988).  In determining whether to appoint counsel, a court should consider the merits of the litigant's claims, the nature and complexity of the factual and legal issues, and the litigant's ability to investigate the facts and to present his claims.  *Hill v. SmithKline Beecham Corp.,* 393 F.3d 1111, 1115 (10th Cir. 2004).  The Court has reviewed the complaint and subsequent filings in light of the foregoing factors.  Plaintiff appears to understand the issues in the case and to be representing himself in an intelligent and capable manner.  *See Lucero v. Gunter*, 52 F.3d 874, 878 (10th Cir. 1995).  Accordingly, the Court will **DENY** the Motion for the Appointment of Counsel [ECF No. 5].

2. Motion for Settlement and Motion for Trial.  Because Plaintiff is a prisoner proceeding

pro se a civil action against government officials, the Court is obligated to conduct a preliminary

screening of the Complaint:

> The court shall review, before docketing, if feasible or, in any event, as soon as
> practicable after docketing, a complaint in a civil action in which a prisoner seeks
> redress from a governmental entity or officer or employee of a governmental entity.
> . . . On review, the court shall identify cognizable claims or dismiss the complaint,
> or any portion of the complaint, if the complaint—
>
> > (1) is frivolous, malicious, or fails to state a claim upon which relief may be
> > granted; or
> >
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a) and (b).  The Court has a similar obligation to screen the complaint when,

as in this case, a pro se plaintiff is proceeding without prepayment of fees and costs:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the
> court shall dismiss the case at any time if the court determines that—
> > (A) the allegation of poverty is untrue; or
> > (B) the action or appeal—
> > > (i) is frivolous or malicious;
> > > (ii) fails to state a claim on which relief may be granted; or
> > > (iii) seeks monetary relief against a defendant who is immune from
> > > such relief.

28 U.S.C. § 1915(e)(2).  Requests for service of process, discovery, settlement, trial, and

submissions of proof are premature and unavailable prior to the Court's completion of its screening

obligation.  *See Jones v. Bock,* 549 U.S. 199, 213-214 (2007).  If Plaintiff's Complaint is not

dismissed on initial screening, the Court will enter further orders governing service of process,

discovery, and scheduling.  Therefore, as the Court has not completed initial screening of the

Plaintiff's complaint, it will deny Plaintiff's Motion for Settlement [ECF No. 13] and Motion for

Trial [ ECF No. 16] as premature and without prejudice.

**IT IS THEREFORE ORDERED** that (1) the Motion for the Appointment of Counsel [ECF no. 5] is **DENIED**, (2) the Motion for Settlement [ECF No. 13] is **DENIED** as premature; and (3) the Motion for Trial [ECF no. 16] is **DENIED** as premature.

**IT IS SO ORDERED**.

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE