# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

FABIAN MONDRAGON,

      Plaintiff,

vs.                                            No. CIV 18-0430 JB/GJF

ALBERT SENA and NINTH JUDICIAL
DISTRICT ATTORNEY'S OFFICE,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Plaintiff's Civil Rights Complaint, filed May 5, 2018 (Doc. 1)("Complaint"). Plaintiff Fabian Mondragon is pro se and proceeding in forma pauperis. He alleges civil claims for false arrest and excessive bail. Having carefully reviewed the matter under 28 U.S.C. § 1915 and rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court will dismiss the Complaint with prejudice.

## FACTUAL BACKGROUND

Mondragon is a state inmate at the Lea County Correctional Facility in Hobbs, New Mexico. See Notice of Change of Address, filed June 11, 2018 (Doc. 8). This case arises from his February, 2018, arrest in Clovis, New Mexico. See Complaint ¶ C, at 2-3. The Complaint alleges that the "Defendants had the Plaintiff arrested . . . on gun charges[,] stating the Plaintiff had guns in his possession based on confidential information and pictures on cell phones . . . ." Complaint ¶ C, at 3. According to Mondragon, he never possessed any weapon; the arrest was "via entrapment," and "in fact no crime occurred." Complaint ¶ C, at 2-3. The Complaint further alleges the state court imposed "excessive fines or bail," because "no crime was committed." Complaint ¶ C, at 4.

**PROCEDURAL BACKGROUND**

Based on the foregoing facts, Mondragon brings claims for false arrest and malicious prosecution under 42 U.S.C. § 1983, the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States of America, the Fourth Amendment, and the Fourteenth Amendment. See Complaint ¶ A, at 1-2. The Complaint names two Defendants: Clovis Police Department Detective Albert Sena and the Curry County District Attorney's Office. See Complaint ¶ A, at 1-2. Mondragon seeks at least $100,000.00 in damages, and he asks the Court to sanction and "supervis[e]" Sena. Complaint ¶ A, at 1-2. Mondragon is proceeding in forma pauperis, and he made his initial partial filing fee payment as 28 U.S.C. § 1915(b)(1) requires. See Order Granting Leave to Proceed Pursuant to 28 U.S.C. § 1915(b), and to Make Payments or Show Cause, filed June 27, 2018 (Doc. 10); Partial Filing Fee, filed July 12, 2018 (Doc. 11). The matter is therefore ready for sua sponte review under the in forma pauperis statute, 28 U.S.C. § 1915(e).

**LAW REGARDING INITIAL REVIEW OF PRISONER COMPLAINTS**

Section 1915(e) of Title 28 requires the Court to conduct a sua sponte review of all civil complaints where the plaintiff is proceeding in forma pauperis. See 28 U.S.C. § 1915(e). The Court must dismiss any in forma pauperis complaint that is frivolous, malicious, or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). The Court may also dismiss a complaint sua sponte under rule 12(b)(6) if "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [the plaintiff] an opportunity to amend [the] complaint would be futile." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991)(quotations omitted). In other words, the same standard of review applies under rule 12(b)(6) and § 1915(e).

Rule 12(b)(6) tests the "sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." Mobley v. McCormick, 40 F.3d 337, 340 (10th Cir. 1994)(citing Williams v. Meese, 926 F.2d 994, 997 (10th Cir. 1991)). The complaint's sufficiency is a question of law, and when reviewing the complaint, a court must accept as true all well-pleaded factual allegations in the complaint, view those allegations in the light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor. See Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322-23 (2007)("[O]nly '[i]f a reasonable person could not draw . . . an inference [of plausibility] from the alleged facts' would the defendant prevail on a motion to dismiss." (second alteration in Tellabs, Inc. v. Makor Issues & Rights, Ltd.)(quoting Makor Issues & Rights, Ltd. v. Tellabs, Inc, 437 F.3d 588, 602 (7th Cir. 2006))); Smith v. United States, 561 F.3d 1090, 1098 (10th Cir. 2009)("[F]or purposes of resolving a Rule 12(b)(6) motion, we accept as true all well-pleaded factual allegations in a complaint and view these allegations in the light most favorable to the plaintiff." (citing Moore v. Guthrie, 438 F.3d 1036, 1039 (10th Cir. 2006))).

A complaint need not set forth detailed factual allegations, yet "[a] pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action'" is insufficient. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. at 678. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl. Corp. v. Twombly, 550 U.S. at 555 (citations and footnote omitted).

To survive rule 12(b)(6) review, a plaintiff's complaint must contain sufficient "facts that, if assumed to be true, state a claim to relief that is plausible on its face."   Mink v. Knox, 613 F.3d 995, 1000 (10th Cir. 2010)(citing Ashcroft v. Iqbal, 556 U.S. at 678).   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. at 556).   "Thus, the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complainant must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims."   Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007)(emphasis omitted).   The United States Court of Appeals for the Tenth Circuit has stated:

> "[P]lausibility" in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs "have not nudged their claims across the line from conceivable to plausible."   The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.

Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008)(citation omitted)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 570.).

In conducting the rule 12(b)(6) review, the pleadings of the pro se prisoner "are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." Hall v. Bellmon, 935 F.2d at 1110.   If the court can "reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, . . . confusion of various legal theories, . . . poor syntax and sentence construction, or . . . unfamiliarity with pleading requirements."   Hall v. Bellmon, 935 F.2d at 1110

At the same time, however, it is not "the proper function of the district court to assume the role of advocate for the *pro se* litigant." Hall v. Bellmon, 935 F.2d at 1110.

## LAW REGARDING 42 U.S.C. § 1983

Section 1983 of Title 42 of the United States Code provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. Section 1983 creates only the right of action; it does not create any substantive rights, and substantive rights must come from the Constitution or from a federal statute. See Nelson v. Geringer, 295 F.3d 1082, 1097 (10th Cir. 2002)("[S]ection 1983 did not create any substantive rights, but merely enforces existing constitutional and federal statutory rights . . . .")(internal quotation marks, alteration, and citation omitted). Section 1983 authorizes an injured person to assert a claim for relief against a person who, acting under color of state law, violates the claimant's federally protected rights. To state a claim upon which relief can be granted under § 1983, a plaintiff must allege: (i) a deprivation of a federal right; and (ii) that the person who deprived the plaintiff of that right acted under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988). The Court has noted:

> [A] plaintiff must establish (1) a violation of rights protected by the federal Constitution or created by federal statute or regulation, (2) proximately caused (3) by the conduct of a "person" (4) who acted under color of any statute, ordinance, regulation, custom[,] or usage, of any State or Territory or the District of Columbia.

Schaefer v. Las Cruces Pub. Sch. Dist., 716 F.Supp.2d 1052, 1063 (D.N.M. 2010)(Browning, J.)(quoting Summum v. City of Ogden, 297 F.3d 995, 1000 (10th Cir. 2002)).

The Supreme Court of the United States clarified that, in alleging a § 1983 action against a government agent in their individual capacity, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. at 676. Consequently, there is no respondeat superior liability under § 1983. See Ashcroft v. Iqbal, 556 U.S. at 675 ("Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); Bd. of Cty. Comm'rs v. Brown, 520 U.S. 397, 403 (1997). Entities cannot be held liable solely on the basis of the existence of an employer-employee relationship with an alleged tortfeasor. See Monell v. Dep't of Soc. Servs. of N.Y., 436 U.S. 658, 689 (1978). Supervisors can be held liable only for their own unconstitutional or illegal policies, and not for their employees' tortious acts. See Barney v. Pulsipher, 143 F.3d 1299, 1307-08 (10th Cir. 1998).

The Tenth Circuit recognizes that non-supervisory defendants may be liable if they knew or reasonably should have known that their conduct would lead to the deprivation of a plaintiff's constitutional rights by others, and an unforeseeable intervening act has not terminated their liability. See Martinez v. Carson, 697 F.3d 1252, 1255 (10th Cir. 2012)(quoting 42 U.S.C. § 1983; Trask v. Franco, 446 F.3d 1036, 1046 (10th Cir. 2006))(internal quotation marks omitted). The Tenth Circuit also recognizes that Ashcroft v. Iqbal limited, but did not eliminate, supervisory liability for government officials based on an employee's or subordinate's constitutional violations. See Garcia v. Casuas, No. CIV 11-0011 JB/RHS, 2011 WL 7444745, at *25-26 (D.N.M. Dec. 8, 2011)(Browning, J.)(citing Dodds v. Richardson, 614 F.3d 1185, 1199 (10th Cir. 2010)). The language that may have altered the landscape for supervisory liability in Ashcroft v. Iqbal is:

"Because vicarious liability is inapplicable to <u>Bivens</u>[1] and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."   <u>Ashcroft v. Iqbal</u>, 556 U.S. at 676.   The Tenth Circuit in <u>Dodds v. Richardson</u> stated:

> Whatever else can be said about <u>Iqbal</u>, and certainly much can be said, we conclude the following basis of § 1983 liability survived it and ultimately resolves this case: § 1983 allows a plaintiff to impose liability upon a defendant-supervisor who creates, promulgates, implements, or in some other way possesses responsibility for the continued operation of a policy the enforcement (by the defendant-supervisor or her subordinates) of which "subjects, or causes to be subjected" that plaintiff "to the deprivation of any rights . . . secured by the Constitution . . . ."

614 F.3d at 1199.   The Tenth Circuit has noted, however, that "<u>Iqbal</u> may very well have abrogated § 1983 supervisory liability as we previously understood it in this circuit in ways we do not need to address to resolve this case."   <u>Dodds v. Richardson</u>, 614 F.3d at 1200.   It concluded that <u>Ashcroft v. Iqbal</u> does not alter "the Supreme Court's previously enunciated § 1983 causation and personal involvement analysis."   <u>Dodds v. Richardson</u>, 614 F.3d at 1200.   More specifically, the Tenth Circuit recognizes that there must be "an 'affirmative' link . . . between the unconstitutional acts by their subordinates and their 'adoption of any plan or policy . . . -- express or otherwise -- showing their authorization or approval of such misconduct.'"   <u>Dodds v. Richardson</u>, 614 F.3d at 1200-01.

The specific example that the Tenth Circuit used to illustrate this principle is <u>Rizzo v.</u>

---

[1]In <u>Bivens v. Six Unknown Fed. Narcotics Agents</u>, the Supreme Court of the United States of America held that a violation of the Fourth Amendment to the Constitution of the United States "by a federal agent acting under color of his authority gives rise to a cause of action for damages consequent upon his unconstitutional conduct."   403 U.S. 388, 389 (1971).

Goode, 423 U.S. 362 (1976), where the plaintiff sought to hold a mayor, a police commissioner, and other city officials liable under § 1983 for constitutional violations that unnamed individual police officers committed. See Dodds v. Richardson, 614 F.3d at 1200 (quoting Rizzo v. Goode, 423 U.S. at 371). The Tenth Circuit noted that the Supreme Court in that case found a sufficient link between the police misconduct and the city officials' conduct, because there was a deliberate plan by some of the named defendants to "crush the nascent labor organizations." Dodds v. Richardson, 614 F.3d at 1200 (quoting Rizzo v. Goode, 423 U.S. at 371).

### LAW REGARDING HECK V. HUMPHREY, 512 U.S. 477 (1994), FALSE ARREST, AND MALICIOUS PROSECUTION

The Heck v. Humphrey doctrine "avoids allowing collateral attacks on criminal judgments through civil litigation." McDonough v. Smith, 139 S. Ct. 2149, 2157 (2019). In Heck v. Humphrey, the Supreme Court addressed the question when a prisoner may bring a § 1983 claim relating to his conviction or sentence. See 512 U.S. at 487. The Supreme Court held that, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or of his sentence. See Heck v. Humphrey, 512 U.S. at 487. If the judgment would invalidate a sentence or conviction, the court must dismiss the complaint with prejudice. See Heck v. Humphrey, 512 U.S. at 487. Similarly, although in some circumstances a prospective injunction may be available under § 1983, the Heck v. Humphrey doctrine also bars declaratory and injunctive relief to the extent a request for declaratory or injunctive relief would necessarily invalidate the prisoner's conviction or sentence. See Wilkinson v. Dotson, 544 U.S. 74, 80-81 (2005); Edwards v. Balisok, 520 U.S. 641 (1997).

False arrest claims do not always imply the invalidity of the plaintiff's conviction under Heck v. Humphrey. See Laurino v. Tate, 220 F.3d 1213, 1217 (10th Cir. 2002). False arrest occurs where an arresting officer acted without probable cause. See Romero v. Fay, 45 F.3d 1472, 1476 (10th Cir. 1995). See also Howl v. Alvarado, 783 F. App'x 815, 818 (10th Cir. 2019)[2]("To prove a false arrest . . . [under § 1983] the plaintiff must allege that the arresting officer acted without probable cause."). The Tenth Circuit has suggested that Heck v. Humphrey bars claims based on false arrest or false officer-statements where the plaintiff argues the "arrest was improper because he had not committed the alleged offenses." Jackson v. Loftis, 189 F. App'x. 775, 779 n.1 (10th Cir. 2006). Heck v. Humphrey also bars false arrest claims alleging that "state officials knowingly relied on perjured testimony" to pursue a crime that the plaintiff "insists never happened." Crabtree v. Oklahoma, 564 F. App'x 402, 404 (10th Cir. 2014).

Where a § 1983 plaintiff is seized after the institution of legal process, and "arrested pursuant to a validly issued -- if not validly supported -- arrest warrant," the claim is properly analyzed under the malicious-prosecution standard. Myers v. Koopman, 738 F.3d 1190, 1195

_____

[2]Howl v. Alvarado, 783 F. App'x 815 (10th Cir. 2019), is an unpublished Tenth Circuit opinion, but the Court can rely on an unpublished Tenth Circuit opinion to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A) ("Unpublished opinions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit has stated: "In this circuit, unpublished orders are not binding precedent, . . . and . . . citation to unpublished opinions is not favored . . . . However, if an unpublished opinion . . . has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision." United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005). The Court concludes that Howl v. Alvarado, Stack v. McCotter, 79 F. App'x 383 (10th Cir. Oct. 24, 2003), Jackson v. Loftis, 189 F. App'x. 775 (10th Cir. 2006), Crabtree v. Oklahoma, 564 F. App'x 402 (10th Cir. 2014), Handy v. City of Sheridan, 636 F. App'x 728 (10th Cir. 2016), and Rivers v. King, 23 F. App'x 905 (10th Cir. 2001), have persuasive value with respect to a material issue, and will assist the Court in its preparation of this Memorandum Opinion and Order.

(10th Cir. 2013).   A § 1983 malicious prosecution claim requires proof of the following elements:

"(1) the defendant caused the plaintiff's continued confinement or prosecution; (2) the original

action terminated in favor of the plaintiff; (3) no probable cause supported the original arrest,

continued confinement, or prosecution; (4) the defendant acted with malice; and (5) the plaintiff

sustained damages."  Wilkins v. DeReyes, 528 F.3d 790, 799 (10th Cir. 2008).   The malicious

prosecution standard -- and particularly the favorable-termination requirement -- is closely related

to the Heck v. Humphrey doctrine.   Like Heck v. Humphrey, "malicious prosecution's favorable-

termination requirement is rooted in pragmatic concerns with avoiding parallel criminal and civil

litigation over the same subject matter and the related possibility of conflicting civil and criminal

judgments."  McDonough v. Smith, 139 S. Ct. 2149, 2156-57 (2019).   Under both Heck v.

Humphrey and the pleading requirements for malicious prosecution, therefore, a plaintiff cannot

"bring his fabricated-evidence claim under § 1983 prior to favorable termination of his

prosecution."  McDonough v. Smith, 139 S. Ct. at 2157.

**LAW REGARDING JUDICIAL AND PROSECUTORIAL IMMUNITY**

Absolute immunity bars civil rights and state law claims against judicial officers acting as

judges.  See Stump v. Sparkman, 435 U.S. 349, 355-56 (1978); Christensen v. Ward, 916 F.2d

1462, 1473-76 (10th Cir. 1990).   It is well settled that the doctrine of judicial immunity applies to

42 U.S.C. § 1983 actions.   See Van Sickle v. Holloway, 791 F.2d 1431, 1434-35 (10th Cir. 1986).

Absolute immunity bars all suits for money damages for acts made in the exercise of judicial

discretion.  See Guttman v. Khalsa, 446 F.3d 1027, 1033 (10th Cir. 2006).

The Supreme Court has recognized absolute immunity for officials whose special functions

or constitutional status require complete protection from suit.  See Harlow v. Fitzgerald, 457 U.S.

800, 807 (1982).   The purpose of absolute judicial immunity is

> to benefit the public, "whose interest is that the judges should be at liberty to exercise their functions with independence and without fear of consequences." The Supreme Court has recognized that "the loser in one forum will frequently seek another, charging the participants in the first with unconstitutional animus." Therefore, absolute immunity is necessary so that judges can perform their functions without harassment or intimidation.

Van Sickle v. Holloway, 791 F.2d at 1434-35 (quoting Butz v. Economou, 438 U.S. 478, 512 (1978)).

Prosecutors are entitled to immunity in the performance of their prosecutorial functions. See Imbler v. Pachtman, 424 U.S. 409, 430 (1976).   The common law has long recognized that prosecutors must be given immunity from the chilling effects of civil liability.   See Burns v. Reed, 500 U.S. 478, 485 (1991).   Prosecutors are absolutely immune from damages for their advocacy and activities "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. at 430.   This immunity includes initiating a prosecution, presenting the State's case, evaluating evidence, and determining whether probable cause exists.   See Nielander v. Bd. of Cty. Comm'rs., 582 F.3d 1155, 1164 (10th Cir. 2009); Pfeiffer v. Hartford Fire Ins. Co., 929 F.2d 1484, 1490 (10th Cir. 1991);

## ANALYSIS

The Complaint's crux is that the "Defendants had the Plaintiff arrested . . . on gun charges" based on "a phone picture," when "in fact no crime occurred."   Complaint ¶ C, at 2-3.   The Court discerns that the Curry County District Attorney's Office obtained an arrest warrant based on purported pictures of Mondragon with a gun, and that Detective Sena either signed the affidavit supporting the warrant or effectuated the arrest.   See Complaint ¶ C, at 2-3.     The state criminal docket confirms that New Mexico's Curry County Magistrate Court issued a Warrant for Arrest

on December 18, 2017, and that the physical warrant was returned two days later.  See State of

New Mexico v. Mondragon, Case No. M-12-FR-2017-00690, Ninth Judicial District Court,

County of Curry, State of New Mexico.[3]

As noted above, because Mondragon was "arrested pursuant to a validly issued . . . arrest

warrant," the claim is properly analyzed under the malicious-prosecution standard.  Myers v.

Koopman, 738 F.3d at 1195.  A claim for malicious prosecution is viable only where the original

action terminated in the plaintiff's favor.  See Wilkins v. DeReyes, 528 F.3d at 799.  Here,

Mondragon was charged with possessing a firearm as a felon, N.M. Stat. Ann. § 30-7-16, receiving

stolen firearms, N.M. Stat. Ann. § 30-16-1, and conspiracy to commit the crime of receiving stolen

property N.M. Stat. Ann. § 30-28-2.  See Case No. D-905-CR-2018-00015, Criminal Information,

filed January 8, 2018, Ninth Judicial District Court, County of Curry, State of New Mexico.  He

entered into a plea and disposition agreement, where he pled guilt to the conspiracy charge.  See

Case No. D-905-CR-2018-00015, Plea and Disposition Agreement, filed August 6, 2018, Ninth

Judicial District Court, County of Curry, State of New Mexico.  The state court sentenced

Mondragon to a total term of two years and six months imprisonment.  See Case No. D-905-CR-

2018-00015, Judgment and Sentence, filed August 6, 2018, Ninth Judicial District Court, County

of Curry, State of New Mexico.  The criminal action therefore did not terminate in Mondragon's

---

[3]The state court docket entries are subject to judicial notice.  See United States v. Ahidley,
486 F.3d 1184, 1192 n.5 (10th Cir. 2007)(noting that courts have "discretion to take judicial notice
of publicly-filed records . . . and certain other courts concerning matters that bear directly upon the
disposition of the case at hand"); Stack v. McCotter, 79 F. App'x 383 (10th Cir. Oct. 24,
2003)(unpublished)(finding that a state district court's docket sheet was an official court record
subject to judicial notice under Fed. R. Evid. 201); Van Duzer v. Simms, No. CV 18-0405 JB/LF,
2018 WL 2138652, at *1, n.1 (D.N.M. May 9, 2018)(Browning, J.)(stating that courts may take
judicial notice of New Mexico state criminal dockets).

favor, and his malicious prosecution claim fails.   See Wilkins v. DeReyes, 528 F.3d at 799.

Alternatively, even if Mondragon could assert a separate claim for false arrest, such a claim would fail on multiple grounds.   First, the Heck v. Humphrey doctrine bars any false arrest claim. As noted above, the Tenth Circuit has applied Heck v. Humphrey to bar false arrest claims alleging that "state officials relied on perjured testimony" to pursue a crime that the plaintiff "insists never happened."   Crabtree v. Oklahoma, 564 F. App'x at 404.   This case is nearly identical to Crabtree v. Oklahoma.   Mondragon alleges that the Defendants "had [him] arrested" by falsely "stating Plaintiff had guns in his possession" when in fact "no crime occurred."   Complaint ¶ C, at 3. Because Mondragon later pled guilty to the lesser charge of conspiracy, the Court cannot accept his allegations and find "no crime occurred" without invalidating the state conviction.

Further, any false arrest claim against the Curry County District Attorney's Office and its prosecutors fail, because prosecutors are immune from suit based on their probable cause determination.   See Burns v. Reed, 500 U.S. 478, 492 (1991)(applying immunity where prosecutor presented false statements in the probable cause affidavit).   The false arrest claim against Sena also fails because the state court docket reflects there was a validly issued warrant for Mondragon at the time of his arrest.   See Baker v. McCollan, 443 U.S. 137, 145-46 (1979)("[W]e do not think a sheriff executing an arrest warrant is required by the Constitution to investigate independently every claim of innocence."); Handy v. City of Sheridan, 636 F. App'x 728, 739 (10th Cir. 2016)(unpublished)(allowing officers to effectuate arrest and detention "when existing evidence is found by a judicial officer to establish probable cause"); Peterson v. Adams, 2018 WL 4627089, at *11 (D. Utah Sept. 7, 2018)(Warner, M.J.)(holding that a false arrest claim failed as a matter of law because there were valid warrants out for plaintiff's arrest).

Finally, Mondragon cannot recover damages on the basis that the state court imposed "excessive fines or bail." Complaint ¶ C, at 4. The state court judge who imposed the fines and set bail is immune from suit. See Stump v. Sparkman, 435 U.S. 349, 355-56 (1978); Christensen v. Ward, 916 F.2d 1462, 1473-76 (10th Cir. 1990). Moreover, awarding damages would necessarily undermine the conviction in violation of the Heck v. Humphrey doctrine. See Rivers v. King, 23 F. App'x 905, 907 (10th Cir. 2001)(holding that Heck v. Humphrey barred § 1983 claims alleging, among other things, excessive bail).

For these reasons, the Complaint does not state a claim upon which relief may be granted. The Court will dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Tenth Circuit counsels that, in pro se prisoner cases, the Court should sua sponte grant leave to amend "where deficiencies in a complaint are attributable to oversights likely the result of an untutored pro se litigant's ignorance of special pleading requirements . . . ." Reynoldson v. Shillinger, 907 F.2d 124, 126 (10th Cir. 1990). Leave to amend need not be granted, however, when the amended complaints would also be subject to immediate dismissal under rule 12(b)(6) or § 1915(e). See Hall v. Bellmon, 935 F.2d at 1109. As a matter of law, Mondragon cannot recover damages from the police officer and/or prosecutor responsible for his state criminal conviction. The requested non-monetary relief -- to sanction and supervise Sena -- is also not appropriate or possible. The Court therefore declines to invite an amendment sua sponte and will dismiss the Complaint with prejudice.

**IT IS ORDERED** that: (i) Plaintiff's Civil Rights Complaint, filed May 5, 2018 (Doc. 1), is dismissed with prejudice; and (ii) a separate Final Judgment will be entered disposing of this case.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Fabian Mondragon, # 85079
Lea County Correctional Facility
Hobbs, New Mexico

     *Plaintiff pro se*